# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| TRUIST BANK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:16-cv-53-ALB-WC |
| | ) |
| ANDRAE CHAMBERS, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes to the Court on Plaintiff Truist Bank's Motion for Summary Judgment. (Doc. 39). Defendant Andrae Chambers filed an opposition, doc. 45, to which the Bank replied. (Doc. 46). Upon consideration, the motion is due to be and hereby is GRANTED.

## BACKGROUND

The following facts are taken in the light most favorable to the nonmovant, Defendant Chambers.

This is a collection lawsuit that the Bank filed against Chambers in 2016 based on two promissory notes.

The first note Chambers signed was for $63,094.12 in September 2007. After some forebearances, reaffirmations, and extensions, this note was due in full on March 10, 2014. But Chambers did not make the payment. This loan was secured

by real property, which the Bank sold for $11,701. The end result is that Chambers owes the Bank $26,838.34 in principal plus $14,810.16 in interest that continues to accrue.

The second note is for $71,595.87 that Chambers signed in March 2007. After some modifications and forbearances, it was due on March 10, 2014. He did not make that final payment either. So Chambers owes $64,726.18 in principal and $43,626.17 in interest under that note.

Chambers filed five bankruptcies between 2014 and 2019, all of which have been dismissed or terminated. They have also delayed the progress of this case. Although he filed an answer, Chambers otherwise failed to litigate this case. He hired a lawyer, but that lawyer failed to respond to discovery and, eventually, withdrew because Chambers had stopped contacting him. *See* Doc. 29.

The Bank filed a motion for summary judgment. The Court held a hearing and status conference at which Chambers appeared pro se. The Court informed Chambers that he would not be able to further delay the progress of this case and should respond to the Bank's motion for summary judgment within two months of the hearing. Chambers filed a one-paragraph pro se response. *See* Doc. 45.

**STANDARD OF REVIEW**

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

2

matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for the motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* Alternatively, a movant who does not have a trial burden of production can assert, without citing the record, that the nonmoving party "cannot produce admissible evidence to support" a material fact. Fed. R. Civ. P. 56(c)(1)(B); *see also* Fed. R. Civ. P. 56 advisory committee's note ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials.... [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.").

If the movant meets its burden, the burden shifts to the nonmoving party to establish - with evidence beyond the pleadings - that a genuine dispute material to each of its claims for relief exists. *Celotex*, 477 U.S. at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a

reasonable fact finder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

## DISCUSSION

The Bank is clearly due summary judgment. There are no disputes of material fact. Chambers owes the money; no one disputes it. And Chambers's pro se response to the Bank's motion for summary judgment identifies no reason for further delay.

A promissory note is an unconditional promise to pay. Ala. Code § 7-3-104. "Alabama law provides that the proffer of a copy of the note and affidavit testimony as to the amounts due under the note, as well as the defendant's failure to make the required payments, is sufficient to establish a plaintiff's case to recover a note." *Wells Fargo Bank, N.A. v. Vergos*, No. 11-00439, 2012 WL 206169, at *2 (S.D. Ala. Jan. 24, 2012). Here, the Bank has provided the notes and affidavit testimony that Chambers owes $41,648.50 on the first note and $108,352.35 on the second note. These amounts were owing as of the date of the filing of the Bank's motion for summary judgment, and they do not include attorneys' fees and costs, which the Bank is declining to seek.

For his part, Chambers does not dispute these figures. He asserts no affirmative defenses. His one paragraph pro se response makes three arguments: (1) he has "not been provided with documents or materials," (2) discovery has not concluded, and (3) "the bank told" him that he "could sell" the property that secured

4

the first note "before it was sold" in foreclosure. None of these responses warrant delaying the entry of summary judgment.

As to the first two issues, Chambers cannot delay the case any further with an unsupported and non-specific request for discovery. Federal Rule of Civil Procedure 56(d) provides that a party opposing summary judgment may request a delay in ruling to obtain discovery without which "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). This rule requires the nonmovant to identify "specified reasons" for why it cannot present the relevant facts and a showing that the discovery sought is essential to its response. *Id.*; *see also Baron Services, Inc. v. Media Weather Innovations LLC*, 717 F.3d 907 (11th Cir. 2013). Chambers cannot meet this standard. He has been delaying the progress of this case for four years. He has filed several bankruptcy petitions that were dismissed. He has failed to remain in contact with his own counsel. He has apparently never issued discovery of his own, and he has refused to provide discovery to the Bank. And he has not even tried to identify anything that he would need from the Bank in order to respond to the summary judgment motion.

Chambers's third argument fares no better. He claims that the Bank told him (apparently falsely) that it would allow him an opportunity to sell the property that secured the first note before it foreclosed. But he has not brought any fraud or other claims against the Bank in his answer. *See* Doc. 15. He has also not alleged an

5

affirmative defense. *E.g.*, *Adams v. Baker*, 105 So. 2d 703, 704 (Ala. 1958) ("Payment is an affirmative defense . . . ."); *Ross v. Rogers*, 25 So. 3d 1160, 1167 (Ala. Civ. App. 2009) ("[W]hen the obligee under a promissory note is in possession of that note and the note has not been canceled, there is a rebuttable presumption that the debt evidenced by the note has not been paid."). And it is unclear how anything surrounding the foreclosure sale could let him off the hook for paying the underlying promissory note. Nothing Chambers has said in his response warrants denying or delaying summary judgment, even reading that response liberally in his favor as a pro se filing.

The central undisputed fact is this: Chambers agreed to pay the money to the Bank, and he hasn't done it. Whether the Bank can actually get the money is another story. But that is a story that needs to be written in some other court. The four-year odyssey of this collection case is over.

## CONCLUSION

Based on the foregoing, the Bank's Motion for Summary Judgment (Doc. 39) is **GRANTED**. Final judgment will be entered on a separate document.

**DONE** and **ORDERED** this 24th day of March, 2020.

                                          /s/ Andrew L. Brasher
                                    ANDREW L. BRASHER
                                    UNITED STATES DISTRICT JUDGE